UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PEGGY FARGANIS,

                        Plaintiff,

                                                **MEMORANDUM DECISION**
              -against-                                          **AND ORDER**

TOWN OF MONTGOMERY,                            06 Civ. 5238 (GAY)

                        Defendant.
----------------------------------------------------------X

      Plaintiff Peggy Farganis has Multiple Sclerosis, as a result of which her speech is slurred, she has weakness in her lower extremities, her balance is compromised, she walks with a limp and her foot drags when she walks.  On March 18, 2005, plaintiff was arrested and charged with Endangering the Welfare of a Child.  On or about July 11, 2006, plaintiff commenced the instant action against the Town of Montgomery and several of its police officers, alleging disability discrimination pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq.*, the Rehabilitation Act ("RA"), 29 U.S.C. § 794, and the Equal Protection clause of the Fourteenth Amendment, as made actionable by 42 U.S.C. § 1983.  On or about December 21, 2007, plaintiff commenced a second action alleging false arrest, malicious prosecution and violation of procedural due process against three of the individual police officers named in the original action.  Both actions were thereafter consolidated.[1]

      By Memorandum Decision and Order dated August 20, 2008, the undersigned granted defendants' motions (1) to dismiss plaintiff's procedural due process claim and (2) for summary judgment on plaintiff's claims for false arrest and malicious prosecution.

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

prosecution. On or about June 9, 2009, this Court granted defendants' subsequent motion for summary judgment in part, and dismissed the remainder of plaintiff's claims except her Title II ADA claim against the Town of Montgomery. A jury trial is scheduled to begin on January 19, 2010.

Presently before this Court is the Town of Montgomery's motion for reconsideration, seeking dismissal of the remaining claim. "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." See In re Health Mgmt. Sys. Inc., Sec. Litig., 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000) (quotation and citation omitted). Pursuant to Local Rule 6.3, a motion for reconsideration must "set[ ] forth concisely the matters or controlling decision which counsel believes the court has overlooked." Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive argument on issues that have been considered fully by the Court." See Davidson v. Scully, 172 F. Supp.2d 458, 462 (S.D.N.Y. 2001).

Here, contrary to defendant's contention, the Court did not overlook either the legal standard for disability discrimination under Title II of the ADA or the facts delineated in defendant's motion for reconsideration. The Court adheres to its previous conclusion that the record is replete with triable factual issues including, but not limited to, whether plaintiff's arrest was motivated by either discriminatory animus or ill will due to her disability. Accordingly, defendant's motion for reconsideration is denied.

Dated: October 14, 2009
White Plains, New York

SO ORDERED:

GEORGE A. YANTHIS, U.S.M.J.