UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PEGGY FARGANIS,

                Plaintiff,

   -against-

TOWN OF MONTGOMERY,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

06 Civ. 5238 (GAY)

Plaintiff Peggy Farganis has Multiple Sclerosis, as a result of which her speech is slurred, she has weakness in her lower extremities, her balance is compromised, she walks with a limp and her foot drags when she walks. On March 18, 2005, plaintiff was arrested and charged with Endangering the Welfare of a Child. On or about July 11, 2006, plaintiff commenced an action against the Town of Montgomery and several of its police officers, alleging disability discrimination pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 *et seq.*, the Rehabilitation Act ("RA"), 29 U.S.C. § 794, and the Equal Protection clause of the Fourteenth Amendment, as made actionable by 42 U.S.C. § 1983. On or about December 21, 2007, plaintiff commenced a second action alleging false arrest, malicious prosecution and violation of procedural due process against three of the individual police officers named in the original action. Both actions were thereafter consolidated.[1]

Following resolution of defendants' motions for summary judgment, plaintiff's

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

remaining cause of action was her claim against the Town of Montgomery for discrimination under Title II of the ADA, on the ground that the arresting officers were motivated by either discriminatory animus or ill will due to her disability.  Plaintiff's claim was tried before a jury beginning on January 19, 2010.  On January 22, 2010, the jury returned its verdict in favor of defendant.  This Court entered judgment for defendant on January 26, 2010.  Presently before this Court is plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure ("FRCP").  For the reasons that follow, plaintiff's motion is denied.

**I.  STANDARD OF REVIEW**

A court may grant a new trial pursuant to FRCP 59 "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted."  Fed. R. Civ. Proc. 59(a).  Generally, a new trial may be warranted if "the verdict is against the weight of the evidence, damages are excessive, the verdict is inconsistent, substantial errors were made in admitting or excluding evidence, or in charging the jury, or because a material issue was improperly submitted or withdrawn from a jury."  Dewitt v. New York State Hous. Fin. Agency, No. 97 Civ. 4651, 1999 WL 672560, at *1 (Aug. 26, 1999) (internal quotation and citation omitted).  Rule 59's threshold for granting a new trial is lower than Rule 50's threshold for granting judgment as a matter of law because the trial judge "is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner."  United States v. Landau, 155 F.3d 93, 104 (2d Cir. 1998) (internal quotation and citation omitted).  Thus, "a motion for a new trial may be granted even if there is substantial evidence to support

2

the jury's verdict." Caruolo v. John Crane, Inc., 226 F.3d 46, 54 (2d Cir. 2000). However, "[a] motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." Hugo Boss Fashions, Inc. v. Federal Ins. Co., 252 F.3d 608, 623 (2d Cir.2001).

## II. DISCUSSION

Here, plaintiff asserts that she is entitled to a new trial because the Court erroneously: (1) precluded plaintiff's husband's testimony regarding two phone calls allegedly made by a town police officer; and (2) allowed defendant to question plaintiff about her 1996 conviction for petty larceny. It is well-settled that trial courts are afforded "wide latitude in determining whether evidence is admissible at trial." See Meloff v. New York Life Ins. Co., 240 F.3d 138, 148 (2d Cir. 2001). Further, under FRCP 61, an error in admitting or excluding evidence is not grounds for granting a new trial unless the error affects a party's "substantial rights." See Fed. R. Civ. P. 61. "Whether an evidentiary error implicates a substantial right depends on the likelihood that the error affected the outcome of the case." Tesser v. Board of Educ., 370 F.3d 314, 319 (2d Cir. 2004) (quotation and citation omitted). "Thus, an evidentiary error in a civil case is harmless unless [the party seeking post-verdict relief demonstrates that] it is likely that in some material respect the factfinders' judgment was swayed by the error." See id.

    A.  <u>Plaintiff's Husband's Testimony</u>

Plaintiff's counsel called Dan Farganis to testify, and attempted to elicit testimony

3

from him regarding two telephone calls he allegedly received while he was at the hospital with his son. It had already been established that the police had taken plaintiff's cell phone from her when they booked her at the police station. Mr. Farganis testified that he received a call and the incoming phone number was Peggy's. He further testified that he answered the phone, and "one of the officers from Montgomery" was on the other end, "yelling and screaming and raising his voice saying that Peggy . . . " (10).[2]  Defendant then objected.

After the jury was excused, plaintiff offered the following proffer regarding the testimony he sought to elicit from Mr. Farganis:

> Yes, he's going to testify that the phone rang, it was from Peggy's phone, but it wasn't Peggy, it was a male who began screaming and yelling and making comments that he's an accident reconstructionist, Peggy has MS and she shouldn't be driving. And Dan then debated the issue with him and said, yes, she can. And the officer was saying the same things to Dan that Barnett was saying to Peggy.
> So, you know, we can presume that it was Barnett who made this phone call. There were actually two calls back to back, the same conversation, the same yelling. They took Peggy's phone at the police station, we know that.
> Who else made the call? I think the only person you can presume made the call was Officer Barnett. So how – that's not hearsay, it's an adverse admission by a town police officer whose very acts and state of mid are at issue in this trial (11).

The discussion then turned to the sufficiency of the identity of the caller (11-13):

> MR. WALSH: An unidentified town police officer. They have no idea who this person is.
>
> MR. BERGSTEIN: I think we do. I think we do know who it was. It's the same guy who said these things to Peggy and whoever it was with the

---

[2] Numbers in parentheses refer to pages from the transcript of Dan Farganis's trial testimony, attached as Exhibit 2 to plaintiff's Affirmation in Support of Motion for a New Trial.

> town, even if it wasn't Barnett, she's suing the town for discrimination. I think we know it was Barnett who made this call.
>
> . . .
>
> THE COURT: What type of identification of who was on the line do you plan on eliciting from the witness?
>
> . . .
>
> MR. BERGSTEIN: I think he just testified it was a town officer.
>
> MR. WALSH: No, he didn't testify – he said that – what he said was the man said he was a town police officer.
>
> . . .
>
> MR. WALSH: There is no indicia of reliability to this statement whatsoever, your Honor. This is an anonymous phone call made to them, there's nothing there that makes this admissible. It's an admission against the interest of an unidentified witness, of an unidentified individual.
>
> MR. BERGSTEIN: Peggy's phone was at the police station. They took it from her. So somebody at the police station called Dan. This is not just about Barnett. Whoever called on behalf of the town and told Dan that Peggy shouldn't be driving because of her disability, that's a statement that could be held against the Town. It wasn't a bystander who came in off the street.

This Court ultimately ruled "that here has been insufficient identification of who was at the other end of the phone. We cannot assume that it was Barnett or any of the officers that were involved in the arrest and what took place after the arrest, and the statement does not come within any prong of Rule 801(d)(2), it does not qualify as an admission and the lack of identity of who was making the statement makes it irrelevant for these proceedings" (16).

Plaintiff argues that the testimony was admissible pursuant to Federal Rules of Evidence ("FRE") 801(d)(2)(D), which states that an admission by a party-opponent is

5

not hearsay if the statement "is offered against the party and is . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, . . . ." See Fed. R. Evid. 801(d)(2). Plaintiff's sole triable claim was her allegation that the Town of Montgomery discriminated against her because of her disability. The Town of Montgomery's liability stemmed from the conduct of its police officers. More specifically, the central issue at trial was whether any of the officers involved in plaintiff's arrest were motivated by either discriminatory animus or ill will because of plaintiff's disability. Thus, the admissibility of the testimony at issue hinged on the identification of the caller. The calls were allegedly made sometime after plaintiff had been booked at the police station; defendant did not dispute that plaintiff's cell phone had been confiscated when she was booked. However, plaintiff proffered no testimony regarding which police officer had confiscated plaintiff's cell phone, the chain of custody of the cell phone, or how much time passed between the time it was confiscated and the time of the alleged phone calls at issue. Although there was sufficient evidence to support a finding that the caller was a town officer, there was insufficient evidence to support a finding that the caller was Barnett or one of the other officers who had been involved in plaintiff's arrest. Accordingly, the testimony at issue was properly excluded.

    B. Plaintiff's Prior Conviction

Plaintiff, in her motion in limine, argued that her prior conviction for a workplace-related offense was inadmissible. Plaintiff admitted that she had been arrested in 1994 or 1995, but could not recall the crime she had been charged with. Plaintiff's counsel represented to this Court that plaintiff pled guilty "to a petty larceny charge after she and

6

co-workers at a department store falsified records and recovered refunds in their own names." See Memorandum of Law in Support of Motion in Limine, Docket #52, at 2.

Pursuant to FRE 609 which governs impeachment by evidence of a conviction or crime, "evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." See FRE 609(a)(2). However, evidence of a conviction more than ten years' old is inadmissible unless (1) "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect" and (2) "the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." See FRE 609(b). Although plaintiff was convicted in 1996 – more than ten years' ago – she pled guilty to a crime which clearly involved an act of dishonesty or false statement. Moreover, in this Court's view, the probative value of the conviction clearly outweighed its prejudicial effect. Plaintiff also contends that defendant did not provide written notice of its "intent to use such evidence." However, given that plaintiff sought to preclude said evidence in its motion in limine, it cannot be said that plaintiff was denied "a fair opportunity to contest the use of such evidence." Accordingly, evidence of plaintiff's prior conviction was admissible.

### III.  CONCLUSION

For all of the foregoing reasons, the evidentiary rulings in question were not

## III. CONCLUSION

For all of the foregoing reasons, the evidentiary rulings in question were not erroneous. In any event, any error would be harmless because plaintiff has failed to demonstrate that it is likely that, in some material respect, the factfinders' judgment was swayed by said alleged error   In sum, the Court is not persuaded that the jury's verdict was either seriously erroneous or a miscarriage of justice. Accordingly, plaintiff's motion for a new trial is **DENIED**.

Dated:   April 29, 2010
         White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.